IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CARLOS EUGENE JOHNSON**                                                                           **PLAINTIFF**

**v.**                                                                    **CIVIL NO. 1:23-cv-00347-HSO-BWR**

**UNITED STATES OF AMERICA**                                                               **DEFENDANT**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. After considering the record and relevant legal authority, the Court finds that this civil action should be dismissed without prejudice.

## I. BACKGROUND

On December 1, 2022, Plaintiff Carlos Eugene Johnson pled guilty in this Court to possessing a firearm while a convicted felon in violation of 18 U.S.C. § 922(g)(1) and 924(a)(8). Order [1] at 1. On August 22, 2023, Plaintiff was sentenced to a 96-month term of imprisonment, plus three years of supervised release, a $5,000.00 fine with interest waived, and a $100.00 special assessment. *Id.* On November 28, 2023, Plaintiff moved the Court to compel the Government to "return [his] property," Mot. [2] at 1, including "one . . . black sentry safe with keys; and one . . . Motorola brand cell phone in [a] black case," Mot. [4-1] at 1. On December 1, 2023, the Court severed that motion from Plaintiff's closed criminal case into this new civil action. Order [1] at 3.

While screening this case under 28 U.S.C. § 1915, on December 29, 2023, the Court sent Plaintiff a packet of forms to explain information that "may affect [his]

decision to proceed with this action." Order [5] at 1. Plaintiff was ordered "that if he . . . wants to continue with this case," to "sign the Acknowledgement (Form PSP-3) and return it to the Clerk of Court within thirty (30) days." *Id*. Plaintiff was also ordered "that if he . . . wants to dismiss this case," to "sign the Notice of Voluntary Dismissal (Form PSP-4) and return it to the Clerk of Court within thirty (30) days." *Id*. Plaintiff was "warned that his . . . failure to return one or the other of the forms within thirty (30) days and his . . . failure to advise this court of a change of address . . . may result in this case being dismissed sua sponte, without prejudice, [and] without further written notice." *Id*. at 2 (emphasis omitted). That Order [5] was mailed to Plaintiff at his last-known mailing address, and it was not returned as undeliverable. Plaintiff did not comply with the Court's Order [5] by the thirty-day deadline.

On February 8, 2024, the Court ordered Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's Order [5]. Order [6] at 1. Plaintiff's responsive deadline was extended to February 22, 2024, and he was again warned "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . may result in this lawsuit being dismissed without prejudice and without further notice to Plaintiff." *Id*. at 1-2. The Order to Show Cause [6], along with a copy of the Court's December 29 Order [5], was mailed to Plaintiff at his last-known mailing address, and it was not returned as undeliverable. Once again, Plaintiff did not comply with the Court's Orders [5] [6] by the February 22 deadline.

On March 1, 2024, the Court entered a Second and Final Order to Show Cause, directing Plaintiff to "explain why this case should not be dismissed for failure to comply with the Court's Orders [5] [6]." Order [7] at 2. Plaintiff was directed to file a written response to that effect on or before March 15, 2024. *Id*. Plaintiff was also directed, on or before the March 15 deadline, to comply with the Court's December 29 Order [5] "by signing and returning either the Acknowledgement (Form PSP-3) or Notice of Voluntary Dismissal (PSP-4)." *Id*. Plaintiff was again warned "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . **will result** in this lawsuit being dismissed without prejudice and without further notice to Plaintiff." *Id*. (emphasis in original). Plaintiff was cautioned that this was his "final opportunity to comply with the Court's Orders [5] [6]." *Id*. at 2-3. That Order [7], with copies of the Court's December 29 and February 8 Orders [5], [6], was mailed to Plaintiff at his last-known mailing address, and it was not returned as undeliverable.

To date, Plaintiff has not responded to the Court's December 29, February 8, and March 1 Orders [5], [6], [7], nor has he otherwise contacted the Court about his case since December 22, 2023. *See* Mot. [4].

## II. DISCUSSION

The Court may dismiss an action sua sponte for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th

Cir. 1988). The Court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30; *see also, e.g., Dunn v. Farrell*, 598 F. App'x 332, 333 (5th Cir. 2015) (affirming sua sponte dismissal of a prisoner's case for failure to comply with court orders); *Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (same).

Plaintiff did not comply with three Court Orders [5], [6], [7], after being warned four times that failing to do so may lead to the dismissal of his case. *See* Second and Final Order to Show Cause [7] at 2; Order to Show Cause [6] at 2; Order [5] at 2; Order [1] at 4. Despite these warnings, Plaintiff has not responded to the Court's Orders or taken any action in this case since December 22, 2023. *See* Mot. [4]. Given his clear record of delay and contumacious conduct, it is apparent that Plaintiff no longer wishes to pursue this lawsuit. Under these circumstances, dismissal without prejudice is warranted.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute. A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 28th day of March, 2024.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE